UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINCOLN HAMILTON III,

    Plaintiff,                                        Civil Action No. 17-CV-11041

vs.                                                  HON. BERNARD A. FRIEDMAN

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is presently before the Court on cross motions for summary judgment [docket entries 14 and 15]. Pursuant to E.D. Mich. 7.1(f)(2), the Court shall decide these motions without a hearing. For the reasons stated below, the Court shall grant plaintiff's motion, deny defendant's motion, and remand the matter for further proceedings.

Plaintiff has brought this action under 42 U.S.C. § 405(g) to challenge defendant's final decision denying his applications for Supplemental Security Income and Social Security disability insurance benefits. An Administrative Law Judge ("ALJ") held a hearing in March 2015 (Tr. 39-78) and issued a decision denying benefits the same month (Tr. 22-33). In June 2016, this became defendant's final decision when the Appeals Council denied plaintiff's request for review (Tr. 8-11).

Under § 405(g), the issue before the Court is whether the ALJ's decision is supported by substantial evidence. As the Sixth Circuit has explained, the Court

> must affirm the Commissioner's findings if they are supported by substantial evidence and the Commissioner employed the proper legal standard. *White*, 572 F.3d at 281 (citing 42 U.S.C. § 405(g));

> *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th
> Cir. 2003); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th
> Cir. 1997). Substantial evidence is "such relevant evidence as a
> reasonable mind might accept as adequate to support a conclusion."
> *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d
> 842 (1971) (internal quotation marks omitted); see also *Kyle*, 609
> F.3d at 854 (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601,
> 604 (6th Cir. 2009)). Where the Commissioner's decision is
> supported by substantial evidence, it must be upheld even if the
> record might support a contrary conclusion. *Smith v. Sec'y of Health
> & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). However, a
> substantiality of evidence evaluation does not permit a selective
> reading of the record. "Substantiality of the evidence must be based
> upon the record taken as a whole. Substantial evidence is not simply
> some evidence, or even a great deal of evidence. Rather, the
> substantiality of evidence must take into account whatever in the
> record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d
> 383, 388 (6th Cir. 1984) (internal citations and quotation marks
> omitted).

*Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 640-41 (6th Cir. 2013).

At the time of the ALJ's decision, plaintiff was 48 years old (Tr. 48). He has a college education (Tr. 48) but no relevant work experience (Tr. 73, 215). Plaintiff claims he has been disabled since July 2013 due to a seizure disorder, back pain, and anxiety attacks (Tr. 46, 208).

The ALJ found that plaintiff has no severe impairments (Tr. 28, finding 4). Specifically, the ALJ found that plaintiff's lumbar spine disorder, while medically determined, is non-severe (Tr. 31) and that his seizure disorder and panic attacks are not medically determined (Tr. 29). The ALJ therefore concluded at step two of the sequential evaluation process that plaintiff is not disabled.

Having reviewed the administrative record and the parties' briefs, the Court concludes that substantial evidence does not support the ALJ's finding that plaintiff has no severe impairments. For the reasons stated below, the Court shall remand the matter for further

2

proceedings beyond step two.

First, substantial evidence does not support the ALJ's finding that plaintiff's lumbar spine disorder is a non-severe impairment (Tr. 28). As this Court has explained,

> [a] severe impairment or combination of impairments is one that significantly limits the claimant's physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Basic work activities, defined as the physical or mental abilities and aptitudes necessary to perform most jobs, includes the ability to walk; stand; sit; lift; push; pull; reach; carry; handle; see; hear; speak; understand, carry out, and remember simple instructions; use judgment; respond appropriately to supervision, coworkers and usual work situations; and deal with changes in a routine work setting. 20 C.F.R. §§ 404.1521, 416.921. The Sixth Circuit court has determined that the step-two requirement serves as a "de minimus" threshold hurdle in the disability process. *Higgs v. Bowen*, 880 F.2d 860, 862–63 (6th Cir.1988). The inquiry at step two functions as an "administrative convenience to screen out claims that are totally groundless" from a medical perspective. *Id.* at 863 (citation omitted). An impairment will be considered non-severe only if it is a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience." *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 90 (6th Cir.1985) (citation omitted). "Under this standard, the question . . . is whether there is substantial evidence in the record supporting the ALJ's finding that [the plaintiff] has only a 'slight' impairment that does not affect her ability to work." *Id.*

*Betty v. Comm'r of Soc. Sec.*, No. 15-CV-10734, 2016 WL 1105008, at *3 (E.D. Mich. Feb. 17, 2016), report and recommendation adopted, No. 15-CV-10734-DT, 2016 WL 1090554 (E.D. Mich. Mar. 21, 2016).

In the present case, the ALJ clearly erred in dismissing plaintiff's lumbar spine disorder on the grounds that it "does not significantly limit (have more than a minimal effect on) his ability to perform basic work activities" (Tr. 31). In October 2014, an MRI of plaintiff's lumbar spine revealed

3

> 1. Right paracentral disc protrusion at L5-S1 which abuts the right S1 nerve root without evidence of compression.
> 2. Disc bulge with a superimposed left paracentral disc protrusion at L4-L5, as well as, mild bilateral facet arthropathy contributing to mild bilateral neural foraminal narrowing.

(Tr. 383.) One of plaintiff's treating physicians, Dr. Bhattacharya, M.D., has diagnosed lumbar degenerative disease and noted symptoms of incontinence and left leg weakness and numbness (Tr. 321, 325). Another of plaintiff's treating physicians, Dr. Teklehaimanot, D.O., indicates that plaintiff has "chronic lower back pain," that "[p]rolonged standing, sitting, lifting, bending and walking make his pain worse," and that one of plaintiff's conditions is "disc herniation" (Tr. 394). In light of this evidence, it simply cannot be said that plaintiff's back condition is "totally groundless from a medical perspective" or that it is a "slight abnormality" with no more than a de minimus effect on his ability to function. *Betty, supra.* The ALJ plainly erred in characterizing plaintiff's lumbar spine disorder as non-severe.

Nor does substantial evidence support the ALJ's finding that plaintiff's seizure disorder is a "nonmedically [sic] determinable impairment" (Tr. 30). Under defendant's regulations, an impairment is "medically determinable" if is it "established by objective medical evidence from an acceptable medical source." 20 C.F.R. § 404.1521. The Sixth Circuit has held that a physician's diagnosis and treatment of an impairment suffice to establish the impairment's existence. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475-76 (6th Cir. 2003).

The medical evidence in this matter plainly demonstrates the existence of plaintiff's seizure disorder. In July 2013, plaintiff sought emergency room treatment and he was diagnosed by a physician with "[a]bsence seizures" (Tr. 313). Dr. Bhattacharya, a neurologist, has diagnosed "complex partial epilepsy," prescribed anti-seizure medication, and evaluated plaintiff on several

4

occasions (Tr. 321, 325, 329, 335, 349). Another physician, Dr. Hazimeh, indicates that plaintiff "is unable to drive due to the Seizure activity, pt has not been seizure free for 6 month[s]" (Tr. 389). Dr. Teklehaimanot indicates that plaintiff's seizures are "not well controlled" (Tr. 396). Clearly, plaintiff has a "medically determinable" – and, indeed, medically determined – seizure disorder. The ALJ's contrary finding is unsupportable.

On remand, the ALJ must proceed beyond step two of the sequential evaluation process because plaintiff's lumbar spine and seizure disorders are severe impairments. The ALJ must also consider the side effects of plaintiff's medications, an issue he neglected to address previously. The record indicates that plaintiff takes, or at various times has taken, Dilantin (Phenytoin Sodium), Baclofen, Keppra, Naproxen, Lisinopril, Norco (Hydrococone), Ibuprofen 600, and Naprosyn (Tr. 210, 224, 234, 260, 264, 269, 271, 289, 293, 296, 299, 315, 328, 359, 361). Plaintiff testified that his medications blur his vision and "put[] me to sleep" (Tr. 63-64). On his function and disability reports, plaintiff indicated that his medications make him feel sleepy and drowsy and cause vomiting and constipation (Tr. 234, 251, 260).

The ALJ's failure to make any findings as to this issue is an error requiring remand, as the Sixth Circuit has held that the ALJ must evaluate "[t]he type, dosage, effectiveness, and side effects of any medication" as part of the process of determining the extent to which side effects impair a claimant's capacity to work. *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 532 (6th Cir. 2014) (quoting 20 C.F.R. § 416.929(c)(3)(i)-(vi)). Further, hypothetical questions to vocational experts must account for medication side effects. *See White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 789-90 (6th Cir. 2009). On remand, the ALJ must determine which medications plaintiff was taking during the relevant time period; make findings as to the nature and severity of these

5

medications' side effects, if any; and include these findings in his assessment of plaintiff's residual functional capacity and in his hypothetical question(s) to the vocational expert.

For these reasons, the Court concludes that the ALJ's decision in this matter is not supported by substantial evidence. Remanding the matter for an award of benefits would not be appropriate at this time because the record, in its current state, is not such that "proof of disability is overwhelming or . . . proof of disability is strong and evidence to the contrary is lacking." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). Rather, the matter must be remanded so that the record may be further developed to address the deficiencies noted above. Accordingly,

IT IS ORDERED that plaintiff's motion for summary judgment is granted and this matter is remanded for further proceedings to address the errors identified in this opinion. This is a sentence four remand under § 405(g).

IT IS FURTHER ORDERED that defendant's motion for summary judgment is denied.

                                                  S/ Bernard A. Friedman_____
Dated: November 30, 2017          BERNARD A. FRIEDMAN
     Detroit, Michigan          SENIOR UNITED STATES DISTRICT JUDGE